IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **AUTOSOFT, INC. and ORION DEALER SYSTEMS, INC.,**<br>**Plaintiffs**<br><br>**v.**<br><br>**AUTOSOFT DMS, LLC, A S SYSTEMS, INC.,**<br>**BOB BRITTING, as an individual, and**<br>**DARRELL BLACK, as an individual,**<br>**Defendants** | **No. 2:13-cv-_____**<br><br><br><br><br><br>**Electronically Filed** |

## COMPLAINT FOR INJUNCTIVE RELIEF

For their Complaint, Plaintiffs AutoSoft, Inc. and ORION Dealer Systems, Inc. (together, "AutoSoft") state and allege as follows:

1.      This case concerns the ongoing efforts by a distributor, Defendant Autosoft DMS, LLC ("Distributor"), and its members, to interfere with AutoSoft's efforts to protect its intellectual property – an industry-leading automobile dealer software management system.  On February 27, 2013, Plaintiffs learned that Distributor, through many of its members, sent written and oral directions to the end-users of AutoSoft's software, stating that they should not execute AutoSoft's license agreement, even though Distributor is under the express obligation to "use its best efforts to market, distribute, and support the software."  In at least one instance, Distributor through a member sent written materials to end-users that misappropriated AutoSoft's registered trademark, in violation of express prohibitions in the agreement between AutoSoft and Distributor, to falsely claim that AutoSoft did not want the end-users to execute the software license agreement that AutoSoft had just sent out.  This false and misleading use of AutoSoft's registered trademark caused irreparable damage to AutoSoft's reputation with its end-users,

1

leaving AutoSoft with no choice but to seek immediate relief from this Court to preserve the status quo pending an arbitration filed on this date with the American Arbitration Association.

2.      Accordingly, AutoSoft seeks through this action an Order temporarily enjoining Defendants from interfering with AutoSoft's efforts to protect its rights in the software through obtaining licenses from end-users during the pendency of the arbitration.  AutoSoft also seeks an Order enjoining Defendants from using AutoSoft's trademark in any way.

### THE PARTIES

3.      Plaintiff AutoSoft, Inc. is a Pennsylvania corporation headquartered at 61 Executive Court, West Middlesex, Pennsylvania.  AutoSoft, Inc. is currently the third-largest dealer management system provider for automobile dealerships in the United States and one of only five General Motors (IDMS) endorsed vendors in the marketplace.  AutoSoft, Inc. owns the software known as the AutoSoft Dealership Management System (the "Software").

4.      The Software is a dealer management system that allows car dealerships to streamline key business functions by providing accounting, parts, service, and other management applications.

5.      AutoSoft owns U.S. Registration No. 4,201,347, issued September 4, 2012 for the following trademark:



(the "Trademark").  A true and correct copy of the Registration is attached hereto as Exhibit 1.

6.     Plaintiff ORION Dealer Systems, Inc. ("ORION") is a Pennsylvania corporation headquartered at 61 Executive Court, West Middlesex, PA 16159.

7.     Defendant AutoSoft DMS, LLC is a Pennsylvania limited liability corporation with its registered place of business being One E. State Street, Suite 400, Sharon, PA 16146.

8.     Upon information and belief, Defendant A S Systems, Inc. is a Kansas corporation with a registered office at Cornerbank Building, Suite 316, Winfield, Kansas 67156 and is a member of the Distributor.  The members of the Distributor are referred to in the Agreement at issue in this case as the "Dealers."

9.     Upon information and belief, Defendant Bob Britting, is an individual residing at 404 Samantha K Court, St. Cloud, Florida 34771 and is a manager at Defendant A S Systems, Inc.

10.    Upon information and belief, Defendant Darrell Black, is an individual residing at 804 Fink Avenue, Grove, Oklahoma 74344 and is a manager at Defendant A S Systems, Inc.

## JURISDICTION AND VENUE

11.    This Court has subject matter jurisdiction over this action pursuant to Section 39 of the Lanham Act, 15 US.C. §§ 1114, 1125(a) and (c) and under the jurisdictional provisions of 28 U.S.C. §§ 1331, 1338, and 1367.  This Court has jurisdiction under the statutory and common law of the Commonwealth of Pennsylvania pursuant to its supplemental jurisdiction as codified in 28 U.S.C. § 1367.

12.    Venue is proper pursuant to 28 U.S.C. § 1391 because Plaintiffs are Pennsylvania corporations and citizens and the defendant Distributor is a Pennsylvania limited liability corporation.  The principal places of business of the corporate parties lie within the Western

District of Pennsylvania and a substantial part of the events giving rise to this Complaint

occurred in this District.

13.     This Court has personal jurisdiction over Defendants because the Distributor is a

Pennsylvania limited liability corporation, and all of its members transact business in

Pennsylvania and the parties agreed that all disputes such as this shall be resolved in Mercer

County and the Federal Court with jurisdiction thereover.

## GENERAL ALLEGATIONS

**I.      The Software Distribution Agreement with the Distributor.**

14.     Each of AutoSoft, Inc. and ORION entered into an identical Software Distribution

Agreement with the Distributor in September of 2002 (the "Agreement"). A true and correct

copy of each Agreement is attached hereto as Exhibit 2.

15.     Pennsylvania law governs the Agreement. (Ex. 2, Section 12.7).

16.     In the Agreement, the Distributor was granted an exclusive license to sublicense

the Software to its members for further sublicensing to end-users. (Ex. 2, Section 2.1).

17.     The end-users of the Software are approximately 1,740 individual car dealerships

around the United States.

18.     The Agreement further states that Distributor's members must "abide by the terms

and conditions of this Agreement as a condition precedent to any Sublicense of the Software."

(Ex. 2, Section 2.1).

19.     Under the Agreement, Distributor must "use its best efforts to market, distribute,

and support the software," and consult with Plaintiffs "regarding any advertising or trade practice

that might affect the good name, trademarks, goodwill, or reputation" of Plaintiffs or the

Software. (Ex. 2, Sections 4.1 and 4.2).

20.     Under the Agreement, Distributor and its members "agree not to use the trademarks, trade names, or other marketing names" of AutoSoft "or any confusingly similar work or symbol, as part of Distributor's or Dealer's own name or the names of the products it markets without Company's consent, which may be withheld at Company's absolute discretion." (Ex. 2, Section 9.5).

21.     Section 5.2 of the Agreement states that the Agreement can be terminated immediately upon written notice "if the other party commits any material breach of this Agreement that, in the case of a curable breach…shall not have been cured within thirty (30) days of receipt by the party in default of notice specifying the breach and requiring its remedy." (Ex. 2).

22.     Section 12.9 of the Agreement requires that disputes between the parties be resolved under the rules of the American Arbitration Association.  The Agreement also provides that "the federal and state courts residing in Mercer County, Pennsylvania, respectively, shall have jurisdiction over any claim brought under this Agreement, and the parties hereby consent to the personal jurisdiction of this Court."  (Ex. 2, Section 12.7).

## II.     Defendants' Infringement Upon Plaintiffs' Trademarks And Breach Of The Agreement.

23.     On January 4, 2013, AutoSoft sent the Distributor and its managing members a copy of a license agreement that was to be sent to the end-users, asking for the Distributor's and managing members' comments and notifying them that the license would go out with the January/February billing.  Neither the Distributor nor the members responded with any comments or concerns.

24.     During the week of February 11, 2013, AutoSoft again notified the Distributor and its members that AutoSoft intended to obtain executed license agreements from all end-users

that did not have signed current license agreements on file with AutoSoft.  AutoSoft explained to

the Distributor and its members that AutoSoft's insurance carrier required that AutoSoft obtain

executed written licenses from all end-users.

25.     On or about February 15, 2013, AutoSoft sent out written license agreements to

all end-users that did not have signed licenses on file.  AutoSoft gave the Distributor and its

members advance notice that it was sending out the license agreements.

26.     On February 27, 2013, Plaintiffs discovered that one or more of the Distributor's

members sent letters to and/or telephoned end-users instructing them to disregard the AutoSoft

written license agreement and not to execute it.  In at least one set of letters, Defendants A S

Systems, Inc., Darrell Black and Bob Britting used AutoSoft's registered Trademark image as

the letterhead to make the instruction that the end-users disregard the license agreement appear to

have come from AutoSoft.  This letter to the end-users also used language that falsely would lead

the end-user to believe that AutoSoft, not the Dealer, was making the instruction to disregard the

license.  In particular, the letter stated in relevant part as follows:

> Please disregard the License Agreement you have recently received from the
> Autosoft office in Pennsylvania as this was sent to you in error.

A true and correct copy of the letter is attached hereto as Exhibit 3.

27.     Thereafter, AutoSoft called a sample group of end-users in various locations

around the country to ask whether they had received any further instructions from the Distributor

and its members with respect to execution of the license agreement.  In those telephone

interviews, AutoSoft learned that the Distributor and its members also called end-users and told

them not to execute the AutoSoft license agreement.

28.     Plaintiffs did not authorize Defendants' use of the AutoSoft Trademark in communicating with end-users to disregard the license agreements, nor did Plaintiffs authorize Defendants to instruct the end-users to disregard the license agreements.

29.     Defendants' instruction to end-users to disregard the license agreements constitutes a material breach of the Agreement as it interferes with the Plaintiffs' business and thus Defendants' obligations under Section 4.1 of the Agreement, inter alia.

30.     On February 28, 2013, Plaintiffs sent a Cease And Desist Demand And Notice Of Material Breach of the Agreement to Defendants ("Cease and Desist Letter").  In that letter, AutoSoft notified Defendants that their instruction to the end-users constitutes a material breach and an unauthorized use of AutoSoft's Trademark in violation of the Lanham Act and state law. Plaintiffs further demanded that Defendants immediately cease and desist "any communication designed to induce End-Users into failing or refusing to execute the Company's license agreements and provide written assurance that they have done so by no later than 12:00pm Eastern Time on March 1, 2013."

31.     The Cease and Desist Letter also gave written notice of termination of the Agreement pursuant to Section 5.2(a) of the Agreement.

32.     Defendants' actions breach the Agreement by interfering with AutoSoft's attempts to obtain written license agreements from the end-users and their unauthorized use of the AutoSoft Trademark have irreparably harmed Plaintiffs' business and goodwill with the end-users, including by misleading and confusing end-users, and are incapable of cure.

33.     Plaintiffs on this date filed a claim with the American Arbitration Association seeking, among other things, a finding that Plaintiffs breached the agreement and infringed upon AutoSoft's Trademark and related damages.

## COUNT 1 – TRADEMARK INFRINGEMENT

34.     Plaintiffs incorporate by reference Paragraphs 1 through 33 of the Complaint as if fully set forth herein.

35.     The Trademark is entitled to protection under federal law.

36.     Defendants knowingly and willfully infringed on the Trademark.

37.     Defendants' use of the Trademark in its communications with the end-users regarding the licenses is likely to cause a significant number of consumers confusion as to the origin, sponsorship, or approval between AutoSoft and Defendants in violation of 15 U.S.C. § 1125(a).

38.     The actions of Defendants complained of herein constitute an exceptional case within the meaning of 15 U.S.C. § 1117(a) of the Lanham Act.

## COUNT 2 – BREACH OF CONTRACT

39.     Plaintiffs incorporate by reference Paragraphs 1 through 38 of the Complaint as if fully set forth herein.

40.     Defendants, through their unauthorized and unlawful attempts to prevent end-users from executing required license agreements for the Software, materially breached the Agreement.

41.     Defendants, through their unauthorized use of the Trademark, also materially breached the Agreement.

42.     Plaintiffs have and will continue to suffer damage as a result of Defendants' wrongful actions.

## COUNT 3 – INJUNCTIVE RELIEF

43.     Plaintiffs incorporate by reference Paragraphs 1 through 42 of the Complaint as if fully set forth herein.

44.     Plaintiffs are substantially likely to succeed on the merits of Count 1 and 2 of this Complaint and on the claims they are advancing in an arbitration filed on this date.

45.     Plaintiffs will suffer irreparable harm if Defendants continue to wrongfully use the Trademark and continue to interfere with the licenses for the end-users.  The harm far outweighs any alleged injury to Defendants.

46.     The public interest favors issuance of a preliminary and permanent injunction against Defendants.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs demand judgment as follows:

A.     Preliminarily and permanently enjoining Defendants, their officers, agents, servant, employees, and attorneys, and those persons acting in concert with it from using the Trademark in communications with end-users;

B.     Entering judgment in Plaintiffs' favor on all claims; and

C.     Granting such other and further relief as the Court deems just and proper.

Respectfully submitted,

FOX ROTHSCHILD LLP

Date:  March 1, 2013                    s/ William L. Stang
                                        William L. Stang
                                        Pa. ID No. 33221
                                        John R. Gotaskie, Jr.
                                        Pa. ID No. 81143
                                        625 Liberty Avenue, 29th Floor
                                        Pittsburgh, PA 15222-3115
                                        Telephone:  (412) 391-1334

Facsimile:  (412) 391-6984
wstang@foxrothschild.com
jgotaskie@foxrothschild.com

*Counsel for Plaintiffs,*
*AutoSoft, Inc. and*
*ORION Dealer Systems, Inc.*